IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



MICHAEL RENEE HERNANDEZ,     §
                             §
          Movant,            §
                             §
VS.                          §   NO. 4:16-CV-511-A
                             §   (NO. 4:07-CR-150-A)
UNITED STATES OF AMERICA,    §
                             §
          Respondent.        §

<u>MEMORANDUM OPINION AND ORDER</u>

Michael Renee Hernandez, movant, sought leave of the United
States Court of Appeals for the Fifth Circuit to file a
successive motion under 28 U.S.C. § 2255 to vacate, set aside, or
correct sentence by a person in federal custody.

By order issued June 21, 2016, the Fifth Circuit granted the
motion, directed its clerk to transfer the motion and related
pleadings to the district court for filing as a § 2255 motion,
and directed that the filing date in the district court be, at
the latest, the date the motion for authorization was filed in
the Fifth Circuit. Accordingly, the district clerk has given the
transferred documents the filing date of June 6, 2016.[1] The Fifth
Circuit has further directed that its authorization to proceed is

---

[1]Inasmuch as the documents were electronically filed by counsel
for movant on that date, it does not appear that an earlier filing
date should apply. And, in any event, the date is within the one-year
period following the Supreme Court's opinion in <u>Johnson v. United
States</u>, 135 S. Ct. 2551 (2015), upon which movant relies.

tentative in that the district court must dismiss the § 2255

motion without reaching the merits if it determines that movant

has failed to make the showing required by § 2255(h)(2).

I.

Background

On September 19, 2007, movant was named in a one-count

indictment charging him with possession of a firearm by a

convicted felon, in violation of 18 U.S.C. § 922(g)(1). CR Doc.[2]

1. Movant entered into a plea agreement, CR Doc. 22, and

stipulated to a factual resume acknowledging that he had

previously been convicted of the felony offense of burglary of a

habitation for which he was sentenced to 20 years' imprisonment.

CR Doc. 23 at 3. By judgment imposed March 28, 2008, signed March

31, 2008, the court sentenced movant to a term of imprisonment of

188 months. CR Doc. 28. Movant did not appeal.

On June 4, 2014, movant filed his first motion under 28

U.S.C. § 2255 under Civil Action No. 4:14-CV-415-A, asserting as

his sole ground that his sentence was derived from an erroneous

application of the ACCA[3] in that his prior convictions under

---

[2]The "CR Doc." reference is to the number of the item on the
docket in the underlying criminal action, No. 4:07-CR-150-A.

[3]The "ACCA" reference is to the Armed Career Criminal Act, 18
U.S.C. § 924(e).

2

Texas Penal Code § 30.02(a)(3)[4] did not constitute violent felonies for purposes of the ACCA. 415 Doc.[5] 1. Movant cited to Descamps v. United States, 133 S. Ct. 2276 (2013), Alleyne v. United States, 133 S. Ct. 2151 (2013), and United States v. Constante, 544 F.3d 584 (5th Cir. 2008), in support of his motion. 415 Doc. 2 at 2, 6. The court dismissed the motion as time-barred, 415 Doc. 5 & 6, and his request for certificate of appealability was denied. 415 Doc. 10.

On January 4, 2016, movant filed another motion under § 2255, which was assigned Civil Action No. 4:16-CV-001-A. 001 Doc.[6] 1. The court dismissed the motion, since it was filed without leave of the Fifth Circuit to proceed. 001 Doc. 6 & 7. As noted in his motion for authorization to file successive petition under 28 U.S.C. § 2255, Doc.[7] 1, movant elected not to pursue an appeal of the dismissal.

_____

[4]Movant did not submit any evidence in support of the contention that his prior convictions fell under this particular part of the statute governing burglary. There is no evidence in the record to support that position.

[5]The "415 Doc." reference is to the number of the item on the docket in No. 4:14-CV-415-A.

[6]The "001 Doc." reference is to the number of the item on the docket in No. 4:16-CV-001-A.

[7]The "Doc." reference is to the number of the item on the docket in this civil action, No. 4:16-CV-511-A.

3

II.

Analysis

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).

As noted, movant's time for filing a motion to vacate, set aside, or correct sentence has already expired. Thus, to pursue relief, movant must show that Johnson has been made retroactively

4

applicable to his case. Specifically, section 2255 provides with

regard to limitations:

> (f) A 1-year period of limitation shall apply to a
> motion under this section. The limitation period shall
> run from the latest of ---
>
>     (3) the date on which the right asserted was
> initially recognized by the Supreme Court, if that
> right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on
> collateral review . . . .

28 U.S.C. § 2255(f)(3).

The Supreme Court has made abundantly clear that the

limitation period of § 2255 is to be strictly construed in

accordance with the words used by Congress. Dodd v. United

States, 545 U.S. 353, 359 (2005). And, that is so even if the

result is harsh. Id. See Fierro v. Cockrell, 294 F.3d 674, 684

(5th Cir. 2002)(noting that the limitations period is strictly

applied and "subject only to the narrowest of exceptions").

The holding in Johnson is that "imposing an increased

sentence under the residual clause of the Armed Career Criminal

Act violates the Constitution's guarantee of due process." 135 S.

Ct. at 2563. In particular, the Court says that its decision does

not call into question any other provision of the Act. Id. And,

in Welch v. United States, the Court reminded: "Johnson

considered the residual clause of the Armed Career Criminal Act

of 1984, 18 U.S.C. § 924(e)(2)(B)(ii). The Court held *that*

5

*provision* void for vagueness." 136 S. Ct. at 1260-61 (emphasis added). The Court concluded, "Johnson announced a substantive rule that has retroactive effect in cases on collateral review." Id. at 1268.

The right announced in Johnson specifically pertains to the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii). Movant urges that his sentence must have been based on the residual clause, but he is mistaken. There is no evidence to support this claim. See Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)(movant bears the burden of establishing his claims by a preponderance of the evidence).

As the presentence report reflects, CR Doc. 33, the prior convictions upon which movant's ACCA sentence was based were for burglary of a habitation, which the Fifth Circuit has long recognized qualify as generic burglary for the purposes of § 924(e). United States v. Constante, 544 F.3d 584, 585 (5th Cir. 2008). Movant stipulated to such a conviction in his factual resume, CR Doc. 23, and both the factual resume and plea agreement cautioned him that he could be sentenced under the ACCA. The law was clear that to qualify as generic "burglary" under § 924(e), the crime must have included as a basic element intent to commit a crime. Taylor v. United States, 495 U.S. 575 (1990). Under Taylor, a conviction under Texas Penal Code §

30.02(a)(1) would count as generic burglary, i.e., a violent felony under § 924(e), but a conviction under Texas Penal Code § 30.02(a)(3) would not. The presentence report, which implicitly recognizes movant's prior convictions as generic burglary convictions, is entitled to a presumption of correctness. United States v. Davis, 544 F. App'x 344 (5th Cir. 2013). Movant did not object to the characterization in the presentence report of his underlying burglary of a habitation convictions as violent felonies. Nor did he appeal.

At the time movant's sentence was imposed, neither the court nor anyone else would have thought or understood that movant was being sentenced based on the residual clause. The record would certainly not support such a contention.[8]

Clearly, Constante gave movant the idea to claim that his convictions fell under Texas Penal Code §30.02(a)(3) rather than § 30.02(a)(1). He offers nothing but speculation to support this contention. Because he cannot establish a right to relief under Johnson, movant's motion is untimely and must be dismissed.

---

[8]That the residual clause was not separately considered as a basis for enhancement at the time is apparent from the Constante declaration that convictions under Texas Penal Code § 30.02(a)(3) "are not violent felonies under 18 U.S.C. § 924(e)." 544 F.3d at 587.

III.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, dismissed as untimely.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED June 23, 2016.

_____
JOHN McBRYDE
United States District Judge

8